[Civ. No. 13344. Second Dist., Div. Two. Feb. 24, 1942.]

D. E. JONES et al., Respondents, v. F. D. O'NEAL et al., Appellants.

George H. Moore and Hugh B. Rotchford for Appellants.

Riccardi, Webster & Donahue for Respondents.

WOOD (W. J.), J.—Plaintiffs are the owner and the driver respectively of a truck involved in a collision with a truck owned by defendant O'Neal and driven by defendant Conner. Plaintiff Jones sought a judgment for damages to his truck and plaintiff Timmons sought a judgment for damages for personal injuries. Defendant O'Neal filed a cross-complaint asking for a judgment for damages to his own truck. Each of the various parties denied negligence on his own part and alleged negligence on the part of the opposing parties. The action was tried by the court without a jury and findings and judgment were filed in favor of plaintiffs on both the complaint and the cross-complaint. From this judgment defendants have appealed.

The collision occurred on June 18, 1940, on a desert road in. Imperial County. The road had a gravel surface and its width was estimated by the various witnesses at from 16 to 26 feet. Just before the collision the truck driven by Timmons was travelling in a northerly direction and the truck driven by Conner was travelling in a southerly direction. Defendant Conner gave testimony which unquestionably would have supported findings in his favor if the trial court had given sufficient credit to his testimony. It is contended on ·this appeal that Conner's testimony showed positively that Timmons was on the wrong side of the road and that ''there was no evidence that plaintiffs' truck was at any time on the right hand side of the travelled portion of the highway.''

 Plaintiff Timmons testified that each truck was about 7½ feet in width and that there was sufficient room to pass if each driver had kept his truck on his own side of the road; that he had seen Conner's truck approach when they were 250 to 300 feet apart, at which time he (Timmons) was operating his truck at a speed of from 20 to 25 miles per hour; when he saw the approach of Conner's truck he pulled over to his right ''as far as it was safe to do so'' and continued to travel ''along this ridge of material that was thrown up there''; that he pulled to the east side of the road; that at the time of the impact of the two trucks he was travelling ''around 20 miles an hour'' and that Conner's truck was travelling ''around 40 miles an hour''; that the left front of Conner's truck struck the truck driven by the witness. Under well established rules of law the evidence must, of course, be considered on appeal in the light most favorable to the prevailing party in the lower court and if the record discloses substantial evidence to support the findings they must be upheld. The trial court could draw reasonable inferences from the evidence presented and make findings thereon. We are satisfied that from the testimony of Timmons the court could reasonably draw the inference that Timmons was driving properly on his own side of the road at the time of the impact and that defendant Conner was driving negligently.

 Plaintiff Timmons testified concerning a conversation he had with defendant Conner immediately after the collision. This conversation related, in part, to a discussion of several bridges which had been built at different intervals on the road. Signs had been placed by the authorities on

some of these bridges requiring loaded trucks to make detours. The accident took place in close proximity to a bridge which did not have such a sign, but at a distance of a little less than one-quarter of a mile north of the scene of the collision there was a bridge which bore a sign calling for a detour by loaded trucks. In relating the conversation Timmons stated that Conner, evidently referring to the bridge to the north, said "that he didn't decrease his speed a whole lot when he seen the other truck ahead of me take the detour, and he came right on through the bridge; he said he didn't decrease his speed; he kept right on coming." Conner's truck was loaded. Defendants moved to strike out the testimony of the witness concerning the bridge north of the point of collision. The motion to strike was denied and defendants now assign this ruling as error. It is difficult to perceive the materiality of evidence concerning the alleged failure of Conner to make a detour with his loaded truck at the bridge nearly a quarter of a mile away from the point of the accident, but it is likewise difficult to perceive how defendants could have been prejudiced by the ruling of the court. The error was of such a nature that it did not result in a miscarriage of justice and therefore does not call for a reversal of the judgment. (Constitution of California, art. VI, sec. 4½.)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.